
# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| V. | § | CR. No. C-02-192-1 |
| RICARDO ANTONIO VERGARA, | § | |
| Defendant/Movant. | § | |

## ORDER DENYING MOTION TO REDUCE SENTENCE

Pending before the Court is Ricardo Antonio Vergara's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). D.E. 81. For the reasons stated herein, the motion is DENIED.

Vergara was sentenced in December 2002 to 168 months in the Bureau of Prisons based upon his plea of guilty to the charge of possession with intent to distribute 3.56 kilograms of cocaine. D.E. 25. Vergara requests that his sentence be reduced pursuant to the fast track program that the Attorney General has determined will be applied in all districts effective March 1, 2012. Vergara claims that this Court has the authority to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

As the Supreme Court recently has held, the scope of a proceeding under 18 U.S.C. §3582(c)(2) in cases like this one is extremely limited. Dillon v. United States, — U.S. ----, 130 S. Ct. 2683, 2687 (2010). It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." Id. However, Congress has

allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also Freeman v. United States, — U.S. ----, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. Dillon, 130 S.Ct. at 2690–91.

A § 3582(c)(2) reduction may only be made when such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States. v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. Subsection 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect. The amendment Vergara seeks to apply must, therefore, be listed in that section. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. Boe, 117 F.3d at 831.

When the policy statement does not make a change to the Guidelines retroactive, this Court is not authorized to reduce a sentence. U.S.S.G. § 1B1.10(a); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996) ("if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement."). Vergara does not claim that the Sentencing Commission has revised the sentencing range applicable to him, but instead claims that a policy change by the Department of Justice should be applied to benefit him. The Attorney General's policy

change does not affect this Court's authority to reduce a sentence pursuant to § 3582(c)(2). Because the relief Vergara seeks is not authorized, this Court may not reduce his sentence pursuant to § 3582(c)(2).

Vergara also claims that application of fast track procedures to some and not to others creates inappropriate sentencing disparities in violation of 18 U.S.C. § 3553. This argument has been rejected by the Fifth Circuit. United States v. Gomez–Herrera, 523 F.3d 554, 563 n. 4 (5th Cir. 2008) (dismissing argument that guidelines range was excessive because it caused unwarranted disparities based on the availability of fast-track program); see also United States v. Sanchez-Lerma, 2012 WL 2505203 (5th Cir., June 28, 2012) (per curiam) (designated unpublished) ("to the extent that he suggests that his sentence resulted in an unwarranted disparity between him and other defendants who obtained a reduced sentence based on the fast-track early disposition program, that argument is foreclosed. See United States v. Gomez–Herrera, 523 F.3d 554, 562–63 & n. 4 (5th Cir.2008)."); United States v. Burgos-Rodriguez, 2012 WL 2086447 at *1 (5th Cir., June 8, 2012) ("As he concedes, Burgos–Rodriguez's fast-track argument is currently foreclosed by circuit precedent.").

Vergara further claims that his personal circumstances have changed over the past ten years during his imprisonment, that his wife has financial difficulties caused by his incarceration, and that his now teenaged sons are having personal and academic difficulties. He finally claims that he has been a good prisoner and has rehabilitated himself while in prison. Vergara's changed personal circumstances are not unusual during a lengthy incarceration and do not provide this Court with authority to resentence Vergara.

As to Vergara's efforts to rehabilitate himself while in prison, <u>Pepper v. United States</u>, — U.S. ----, 131 S.Ct. 1229 (2010), considered when post-sentencing rehabilitation could be used to reduce a defendant's sentence,

> we think it clear that when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range.

<u>Id</u>. at 1241 (internal citations omitted). <u>Pepper</u> does not allow a district court to resentence a defendant based upon events that occurred after his sentence has become final except in the specific instances allowed by statute. Post-sentencing rehabilitation, while commendable, is not among those instances.

## CONCLUSION

Because Vergara's requested relief is not authorized by statute, the Court DENIES Vergara's motion to reduce sentence (D.E. 81).

It is ORDERED this 25th day of July, 2012.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE